Hardin, P. J.
plaintiff’s complaint and evidence1 we learn that, on the morning of March 31, 1881, he was a brakeman in the employ of defendant, and that the caboose-occupied by him, in which he arrived at De Witt, was attached to freight cars and started east; plaintiff’s place was in the caboose when the train left that depot; two cars, loaded with lumber and timber, were in the train next to» the caboose. The train left De Witt and1 passed east until near Oneida, when the engineer blew his whistle for brakes to slow up and to stop the train. Plaintiff, in response to the whistle, set the brakes on the caboose and then went upon the car safely. When passing from that car tp the *657 second one he stepped upon a stick of timber, which tipped up and let the plaintiff fall to the ground, and he lost his leg, and was otherwise injured. He says:
“I stepped on what I thought was a sill; it turned out to be what I call a ten-foot tie; it was five or six inches by five or six inches; I stepped on the end of that, it tipped up with me, and I fell down and the tie fell down with me between the cars; I didn’t see any binding stick across this lumber; I didn’t see any binding stick attached to the stakes on either side to hold the lumber down in place; it didn’t look very safe; the stakes came up a good deal higher than the lumber; the load went a little higher than half the stakes; I didn’t know whether it would stay or not; I didn’t know whether it would hold me or not.”
Later he says: “The lumber projected from the ends of the car; I looked for a safe place to step; I thought I stepped where it was safe; the piece of lumber I stepped on was just one side of the middle of the end of the car.”
We fail to find, in the evidence, proof of any negligence on the part of the company, giving the plaintiff a right of action. We do see the plaintiff wa snot careful and prudent when he ventured upon a stick which did not appear to be safe and secure. There was no such exigency surrounding the plaintiff as to require or justify his taking the chance of falling by venturing upon a stick which he didn’t know whether it would hold (me) or not.” The accident did not occur from any defect in the car.
That the lumber and timber were- not fastened, were-known to the plaintiff, and having notice of the exact condition of it, he chose to venture without much care and attention, and took his chance of what might and did happen.
Appellant calls our attention to Bushby v. N. Y., L. E. and W R. R. Co. (37 Hun, 104; S. C., affirmed, 27 Week. Dig.. 393), which was a case where a side stake which fitted into a socket to form side support to a load, broke, being defective and imperfect, and therefore insecure, and let the brakeman fall from the load and he received injuries. In that case the court held that the stake, which broke, was ' necessary ” to the prosecution of that branch of the defendant’s business. The case, therefore, fell under the general rule requiring safe and suitable machinery and appliances. (49 K N., 521; 59 id., 517. In the case in hand no part of the car or any appliance furnished by the defendant gave way.
The car was not broken; no part of it failed.
The defendant had a right to load its car in the way it did, and the evidence fails to disclose any duty neglected. If the car had been loaded with stone, and the brakeman *658 had carelessly stepped upon one of them, and by its turning he fell, could it have been said the road had neglected a duty? Has the road any less right to carry unbound sticks of timber or lumber than it had to carry open car loads of coal, anthracite or cannel; if a side stake used and forming a part of the. car be defective, the car or apparatus furnished is inadequate.
But the facts disclosed upon the trial indicate that the injury which came to the plaintiff followed the ordinary risk incident to the business in which plaintiff was engaged. The trial judge seems to have viewed the evidence properly and to have interpreted it in accordance with our view of it when he granted the nonsuit.
Judgment affirmed, with costs.
Follett, J., concurs; Martin,.J., not sitting.